# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 17, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHELE KNICELY[1],**
**Claimant Below, Petitioner**

**vs.)   No. 14-0010** (BOR Appeal No. 2048402)
                    (Claim No. 2011031310)

**MYERS FUN TIMES CAFE, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Michele Knicely, by Jonathan C. Bowman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Myers Fun Times Cafe, LLC, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 5, 2013, in which the Board affirmed, in part, and reversed, in part, a May 8, 2013, Order of the Workers' Compensation Office of Judges and held the claim compensable only for concussion, neck sprain, and right ankle sprain. In its Order, the Office of Judges reversed the claims administrator's March 16, 2011, decision which rejected the claim and instead held the claim compensable for concussion, neck sprain, right ankle sprain, and lumbago. The Office of Judges also affirmed the claims administrator's May 30, 2012, decision which granted no additional temporary total disability benefits.[2] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate

---

[1] The Board of Review spelled Ms. Knicely's name "Michelle". She testified in a deposition that it is spelled "Michele". The correct spelling is used in this decision.

[2] The only issue on appeal before this Court is the removal of lumbago as a compensable component of the claim.

for a memorandum decision rather than an opinion. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Knicely, a casino attendant, injured her ankle, head, lower back, and neck when she slipped and fell in Myers Fun Times Cafe, LLC,'s parking lot. She was treated immediately after the injury at Weirton Medical Center where she was diagnosed with a concussion, cervical spine strain, and an acute right ankle sprain. Nurse notes indicate she also reported lower back pain. Since the compensable injury, Ms. Knicely has been treated by various physicians for her lower back pain. On February 24, 2011, she was diagnosed with a lumbar sprain and spasms by Weirton Medical Center. On March 24, 2011, Ramesh Thimmiah, M.D., opined that a lumbar MRI revealed a mild disc bulge at L1-2, mild degenerative disc disease, and a disc bulge at L5-S1. Ghassan Bejjani, M.D., recommended epidural steroid injections on April 25, 2011. Ms. Knicely had already undergone physical therapy.

Ms. Knicely was hospitalized for her lower back pain in October of 2011. Emergency room treatment was not successful at relieving her symptoms, so she was admitted and given epidural steroid injections. The assessment was lower back pain, neck pain, and fibromyalgia. Hani Gabriel, M.D., diagnosed Ms. Knicely with lumbar degenerative disc disease and disc herniation on June 20, 2012. Stephanie Le, M.D., also diagnosed her with lumbar degenerative disc disease and a herniated lumbar disc.

On November 6, 2012, Bill Hennessey, M.D., performed an independent medical evaluation in which he asserted that Ms. Knicely did not initially report lower back pain when she was treated at Weirton Medical Center. She stated that her lower back pain was now worse than it was following the compensable injury. He found that there was full lumbar spine range of motion and a negative straight leg raise test bilaterally. Dr. Hennessey opined that Ms. Knicely sustained a mild concussion, cervical strain, and right ankle sprain due to her compensable injury. He found no physical impairment and no need for further treatment.

The claims administrator rejected the claim on March 16, 2011. The Office of Judges reversed the decision on January 6, 2012, and instead held the claim compensable for concussion, neck sprain, and ankle sprain. On May 30, 2012, the claims administrator granted no additional temporary total disability benefits. By an Order dated August 16, 2012, the Board of Review remanded the claim with instructions for the Office of Judges to issue a new Time Frame Order to allow for the full and complete development of the evidence. On May 8, 2013, the Office of Judges held the claim compensable for concussion, neck sprain, right ankle sprain, and lumbago. In its Order, the Office of Judges also affirmed the claims administrator's May 30, 2012, decision.

The Office of Judges found that the injury in question did occur in the course of and resulting from Ms. Knicely's employment. The employee's and physician's report of injury listed the diagnoses as concussion, neck sprain, and ankle sprain. The Office of Judges found that there were also complaints of back pain noted in Weirton Medical Center's emergency room report; however, there was no specific lumbar diagnosis. There were abnormalities shown on lumbar diagnostic tests including degenerative disc disease as noted by Dr. Bejjani. The Office

2

of Judges determined that Dr. Hennessey acknowledged in his independent medical evaluation that Ms. Knicely suffered a mild concussion, cervical strain, and right ankle strain due to her compensable injury. The Office of Judges also found that she suffered back pain as a result of the injury, but the abnormalities found on lumbar diagnostic tests were found not to be the result of the compensable injury.

The Board of Review affirmed the Office of Judges' Order on December 5, 2013, insofar as it held that concussion, neck sprain, and right ankle sprain were compensable components of the claim. It reversed the Order insofar as it held that lumbago was a compensable diagnosis. The Board of Review found that the report of injury did not mention a back injury and there was initially no diagnosis of a lumbar condition.

The only issue on appeal before this Court is the Board of Review's decision rejecting lumbago as a compensable component of the claim. We find that the Board of Review's decision is based, in part, upon material misstatements and mischaracterizations of the evidentiary record. Ms. Knicely reported lower back pain when she was treated immediately after the compensable injury at Weirton Medical Center. The employee's and physician's report of injury indicates that she injured her right ankle, neck, back, tailbone, head, and hip. Also, she has consistently reported to physicians that she has experienced lower back pain since the compensable injury. Dr. Hennessey's independent medical evaluation was flawed in that he stated that Ms. Knicely did not initially report lower back pain when she was treated at Weirton Medical Center. Medical reports from that day show that she reported lower back pain. Further, there is no indication in the record that she suffered from lower back pain prior to the compensable injury. The Office of Judges was correct that the diagnostic abnormalities have not been shown to be compensable components of the claim.

For the foregoing reasons, we find that the decision of the Board of Review, insofar as it held the claim compensable for concussion, neck sprain, and right ankle sprain, is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law. Therefore, the decision of the Board of Review, insofar as it held the claim compensable for concussion, neck sprain, and right ankle sprain, is affirmed. We reverse the decision of the Board of Review, insofar as it determined that lumbago was not a compensable component of the claim, because the decision was based upon a material misstatement and mischaracterization of the evidentiary record. As lumbago is a general diagnosis that means back pain, this case is reversed and remanded with instructions to hold the claim compensable for lumbar sprain.

Affirmed, in part, and Reversed and Remanded, in part.

**ISSUED: March 17, 2015**

3

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II